# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR25-4055-LTS |
| vs. | **ORDER** |
| MANUEL NEGRETE-VACA, | |
| Defendant. | |

This matter is before me on a Report and Recommendation (R&R) in which the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, recommends that I grant defendant's motion (Doc. 23) to dismiss the indictment. Neither party has filed objections and the time for doing so has expired.

## I. BACKGROUND

On October 15, 2025, the grand jury returned an indictment (Doc. 17) against Negrete-Vaca alleging one count of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a), (b). On November 16, 2025, Negrete-Vaca filed a motion (Doc. 23) to dismiss the indictment. On December 8, 2025, the Government filed a response (Doc. 28) and Negrete-Vaca filed a reply (Doc. 29). The parties also filed supplemental briefs. Docs. 33, 34. Judge Mahoney issued her R&R (Doc. 37) on February 2, 2026, recommending that I grant the motion.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations

as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. DISCUSSION

Because none of the parties objected to the R&R, I have reviewed it for clear error. I agree with Judge Mahoney's conclusions (1) that the Iowa offense of assault with intent to commit sexual abuse encompasses acts that may not be motivated by sexual gratification and (2) because such offense is broader than the definition of sex offense

under the Sex Offender Registration and Notification Act (SORNA), Negrete-Vaca's conviction does not categorically qualify as a sex offense under SORNA and does not require registration as a sex offender. Based on my review of the record, I find no error – clear or otherwise – in Judge Mahoney's recommendation to dismiss the indictment. As such, I adopt the R&R in its entirety.

## IV. CONCLUSION

For the reasons stated herein:

1. I **accept** the Report and Recommendation (Doc. 37) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to the Report and Recommendation (Doc. 37), Negrete-Vaca's motion (Doc. 23) to dismiss the indictment is **granted** and the indictment (Doc. 17) is hereby **dismissed**.

**IT IS SO ORDERED** this 3rd day of March, 2026.

_____
Leonard T. Strand
United States District Judge